UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEONARD WINTER,

     Plaintiff,

v.                               Case No:  6:13-cv-1102-Orl-40TBS

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

### REPORT AND RECOMMENDATION

     Plaintiff brings this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for disability insurance benefits under the Act.

     I have reviewed the record, including the administrative law judge's ("ALJ") decision, a transcript of the proceedings, the exhibits, administrative record, and the pleadings and memoranda submitted by the parties.　For the reasons that follow, I respectfully recommend that the Commissioner's final decision in this case be **reversed** and **remanded** for further proceedings consistent with the findings in this report, pursuant to sentence four of 42 U.S.C. § 405(g).

### Background

     Plaintiff applied for disability insurance benefits in December 2009. (Tr. 125, 166). He alleges disability beginning on August 15, 2007 due to degenerative disc/joint, blindness in his left eye, and lumbar disc protrusion. (Tr. 171). He was 51 years old on the date of the ALJ decision. (Tr. 26, 125). At the hearing, Plaintiff testified that as a child he

lived in Jamaica and only completed the first grade. (Tr. 37).   He reported past work as a

drywall finisher and flower seed picker. (Tr. 17, 38, 40-41, 62).   His application was

denied initially and on reconsideration. (Tr. 76-77). On June 14, 2011, at Plaintiff's

request, a hearing was held before the ALJ who issued a decision on June 17, 2011. (Tr.

32-75).   On June 13, 2013, the Appeals Council denied his timely request for review. (Tr.

1).   He has exhausted her administrative remedies and this case is now ripe for

consideration under 42 U.S.C. § 405(g).

## The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-

step sequential evaluation process established by the Commissioner and set forth in 20

C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4).   Specifically, the ALJ must determine

whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an

impairment or combination of impairments that meets or medically equals an impairment

listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work;

and (5) retains the ability to perform any work in the national economy.   See Phillips v.

Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004).   The claimant bears the burden of

persuasion through step four and, at step five, the burden shifts to the Commissioner.

Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

The ALJ determined at step one that Plaintiff had not engaged in substantial

gainful activity since August 15, 2007, his alleged onset date.   (Tr. 17).   At step two, the

ALJ found that Plaintiff suffered from the following severe impairments: lumbar disc bulge

with pain, right knee pain, and left eye vision loss.   (Id.).   At step three, the ALJ found

Plaintiff did not have an impairment or combination of impairments that met or medically

equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20

CFR 404.1520(d), 404.1525, and 404.1526).   (Tr. 17-18).   The ALJ also determined

Plaintiff's residual functional capacity.   (Tr. 18-25).   At step four, the ALJ decided that

Plaintiff was not capable of performing his past relevant work.   (Tr. 25).   The ALJ

ultimately determined that there were jobs in the national economy, like small products

assembler, trimmer, and sorter that Plaintiff could perform.   (Tr. 25-26).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied

the correct legal standards and whether the ALJ's findings are supported by substantial

evidence.   Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004).   The

Commissioner's findings of fact are conclusive if supported by substantial evidence.   42

U.S.C. § 405(g).   Substantial evidence is "more than a scintilla but less than a

preponderance.   It is such relevant evidence that a reasonable person would accept as

adequate to support a conclusion."   Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176,

1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the

district court will affirm even if the reviewer would have reached a contrary result as finder

of fact, and even if the reviewer finds that the preponderance of the evidence is against

the Commissioner's decision.   Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).

The district court "may not decide facts anew, reweigh the evidence, or substitute our

judgment for that of the [Commissioner.]"   Id.   "The district court must view the record as

a whole, taking into account evidence favorable as well as unfavorable to the decision."

Foote, 67 F.3d 1533, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979

F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine

the reasonableness of the factual findings).

## Discussion

### A.  The ALJ Failed to Present a Complete Hypothetical to the Vocational Expert

The bulk of Plaintiff's medical records focus on his back pain, however, his medical records do contain evidence of his left eye vision loss.   See (Tr. 334-35, 337, 353, 357). At the hearing, he testified that he is blind in his left eye.   (Tr. 50, 52).   At step two of the disability analysis the ALJ determined that Plaintiff's left eye vision loss was a severe impairment and noted that it "cause[s] more than minimal functional limitations."   (Tr. 17). By definition, a "severe limitation" "is one that significantly limits a claimant's basic work skills."   Frizzo v. Astrue, No. 6:11-cv-1318-Orl-31TEM, 2012 WL 3668049, at *12 (M.D. Fla. Aug. 7, 2012) (citing 20 C.F.R. § 404.1521(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities")).

Plaintiff argues that the ALJ failed to apply the correct legal standard to his eye limitations at step five of the sequential evaluation process. (Doc. 14 at 6-8). Specifically, he complains that the ALJ failed to account for his eye limitations in the hypothetical questions the ALJ posed to the testifying vocational expert ("VE").   (Id.). The Commissioner's response focuses more on a separate argument that the ALJ properly accounted for Plaintiff's vision limitation when she determined Plaintiff's residual functional capacity.   See (Doc. 15 at 7-11).   The Commissioner argues that the ALJ accounted for Plaintiff's severe vision impairment by limiting him to not working with dangerous moving machinery or at heights.   (Doc. 15 at 9).   On the issue of whether the hypothetical questions to the VE were complete, the Commissioner maintains that "[t]he ALJ's hypothetical question to the VE encompassed all of the limitations the ALJ included in her RFC assessment."   (Id. at 9).

Once a claimant proves that he is unable to do his past work at step four of the sequential evaluation process, the burden shifts to the Commissioner to demonstrate that there is some other job in the national economy that Plaintiff can perform at step five. Phillips, 357 F.3d at 1239-40, 1241 n.10.   The ALJ can attempt to meet this burden one of two ways.   The Commissioner can either rely on the Medical-Vocational Guidelines ("GRID") in 20 C.F.R. Part 404, Subpart P, Appendix 2, or solicit the testimony of a vocational expert.   Id. at 1239-40.   In this Circuit, it is well established that when "the ALJ elects to use a vocational testimony to introduce independent evidence of the existence of work that a claimant could perform, the ALJ must pose a hypothetical question that encompasses all of the claimant's severe impairments in order for the VE's testimony to constitute substantial evidence."   Chavanu v. Astrue, No. 3:11-cv-388-J-TEM, 2012 WL 4336205, at *9 (M.D. Fla. Sept. 21, 2012) (citing Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985)); Frizzo, 2012 WL 3668049, at *12 n. 12; see also Gainey v. Comm'r Soc. Sec., No. 6:12-cv-1579-Orl-DAB, 2014 WL 505117, at *7 (M.D. Fla. Feb. 7, 2014).   "[W]hen the ALJ relies on the testimony of a VE, 'the key inquiry shifts to the adequacy of the RFC description contained in the hypothetical posed to the VE' rather than the RFC simply cited in the ALJ's decision." Brunson v. Astrue, 850 F. Supp. 2d 1293, 1303 (M.D. Fla. 2011).

At step four of the sequential evaluation process the ALJ concluded that Plaintiff was not capable of performing his past relevant work.   (Tr. 25).   Then, the ALJ determined that there were jobs in the national economy, like small products assembler, trimmer, and sorter that Plaintiff could perform.   (Tr. 25-26).   The ALJ's decision was based upon the testimony of the VE.   (Tr. 26).   At the hearing, the ALJ asked the VE the following hypothetical questions:

Q. All right. Mr. O'Connor, would you please assume a hypothetical individual who's equivalent to the claimant's age, education, and vocational history, who can lift and carry 20 pounds occasionally, 10 pounds frequently; sit and stand or walk six out of eight hours with normal breaks, but may be required to use a cane to ambulate; no more than occasional climbing with never [sic] ladders, ropes, or scaffolds; no concentrated exposure to temperature extremes or vibration; no working with dangerous moving machinery or at heights; the environmental noise should be no greater than moderate as its defined by the DOT; [t]he task to be performed should be simple . . . and they should also be routine . . . no reading or writing required other than general information that the individual already knows such as name, address, phone, date of birth.   Is there any work in the local or nationally [sic] economy for such a hypothetical individual?

. . . .

Q. All right.   If you kept that same hypothetical but the individual was required to either sit at the workstation or stand at the workstation at least once an hour momentarily before resuming the position they are supposed to be in to perform the job –

. . . .

Q. All right.   Now, if the individual was required to take an additional break – and this is not inclusive of typical 15 minutes in the morning and afternoon and 30 minutes for lunch, but in addition to that, the individual was required to take another 10 minutes in the morning and afternoon to leave the workstation, sit down in the break room and deal with pain complaints, could that individual maintain these or any other jobs?

(Tr. 63-66).   Assuming arguendo, that the Commissioner is correct when she argues that

the ALJ properly accounted for Plaintiff's left eye blindness in his residual functional

capacity, the fact remains that the ALJ never posed a hypothetical to the VE that included

limitations due to Plaintiff's left eye blindness.   Consequently, I conclude that the ALJ's

hypotheticals were not based on substantial evidence because they lacked any limitation

due to Plaintiff's left eye blindness.   See Chavanu, 2012 WL 4336205, at *9 (citing

Pendley, 767 F.2d 1563); Frizzo, 2012 WL 3668049, at *12 n. 12; Gainey, 2014 WL

505117, at *7.   For this reason, I respectfully recommend that the district court reverse the ALJ's decision and remand the case on this ground.

      B.  <u>Plaintiff's Remaining Arguments</u>

Plaintiff's remaining arguments focus on the ALJ's (a) failure to correctly weigh opinion evidence, and (b) failure to make a finding on the side effects of Plaintiff's medications.   (Doc. 14).   Because remand is required on the first issue raised by Plaintiff, it is unnecessary to review these additional objections to the ALJ's decision. <u>Freese v. Astrue</u>, No.8:06-cv-1839-T-EAJ, 2008 WL 1777722, at *3 (M.D. Fla. April 18, 2008) (citing <u>Jackson v. Bowen</u>, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991)).

**Recommendation**

Upon consideration of the foregoing, I respectfully recommend that:

1. The Commissioner's final decision in this case be **REVERSED and REMANDED** for further proceedings consistent with the findings in this report.

2. The Clerk be directed to enter judgment accordingly and **CLOSE** the file.

3. Plaintiff be advised that the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.

4. Plaintiff be directed that upon receipt of such notice, he shall promptly email Mr. Rudy and the OGC attorney who prepared the Commissioner's brief to advise that the notice has been received.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on July 15, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

      Presiding United States District Judge
      Counsel of Record