UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEONARD WINTER,

    Plaintiff,

v.                                                     Case No:  6:13-cv-1102-Orl-PGB-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Uncontested Motion for Attorney's Fees. (Doc. 20). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), Plaintiff requests an award of fees **in the amount of $3,033.05.** The schedule of hours attached to the petition confirms the attorneys' hours. (Id. at 13-15). Plaintiff also seeks recovery of costs in the amount of $400.00 for the filing fee, payable out of the judgment fund administered by the United States Department of Treasury. (Id. at 1).

Pursuant to M.D. Fla. R. 3.01(g), counsel for Plaintiff represents that the Commissioner has no objection to the petition for fees and costs. (Id. ¶ 11). Plaintiff asserts that he is the prevailing party in this litigation, that the Commissioner's position in the underlying action was not substantially justified, and that his net worth at the time proceeding was filed was less than two million dollars.[1] (Id. ¶¶ 4-7).

---

[1] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

On July 15, 2014, I entered my Report and Recommendation recommending that the ALJ's decision be reversed and the case be remanded back to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 17). The Report and Recommendation was adopted by the district judge on August 5, 2014. (Doc. 18). The Clerk entered judgment the next day. (Doc. 19). Plaintiff filed his application for attorneys' fees on October 9, 2014. (Doc. 20).

Plaintiff has submitted a copy of his fee agreement, which includes his assignment of EAJA fees to his counsel. (Doc. 20-1). In light of the assignment, Plaintiff requests (and Defendant agrees) that the payment should be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff owes a federal debt. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Pursuant to the provisions of the EAJA, I respectfully recommend that the district judge **GRANT** Plaintiff's uncontested petition for attorney's fees and award Plaintiff fees in the amount of **$3,033.05** together with costs **in the amount of $400.00** for the filing fee, to be paid out of the judgment fund. It is further recommended that the Court authorize payment to Plaintiff's counsel if the U.S. Department of the Treasury determines that Plaintiff does not owe a debt to the government.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on October 10, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record

- 3 -