UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEONARD WINTER,

    Plaintiff,

v.                                                      Case No:   6:13-cv-1102-Orl-40TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## REPORT AND RECOMMENDATION

    Pending before the Court is Plaintiff's Unopposed Request for Authorization to Charge a Reasonable Fee Pursuant to 42 U.S.C. § 406(b) (Doc 23).   Upon due consideration I respectfully recommend that the motion be **GRANTED**.

    Plaintiff applied for disability insurance benefits on December 8, 2009 (Doc. 14 at 2).   His request was denied by an administrative law judge ("ALJ") on June 17, 2011 (Id.).   He appealed the ALJ's decision and on June 13, 2013, the Appeals Council denied his request for review (Id.).   Plaintiff retained Richard A. Culbertson, Esq. who filed this action on his behalf, seeking judicial review of the Commissioner of the Social Security Administration's final adverse decision (Doc. 1).

    The Commissioner answered the complaint (Doc. 9), and the Court entered a scheduling order (Doc. 13).   The parties filed their respective legal memoranda addressing the merits of Plaintiff's claims (Docs. 14, 15).   On July 15, 2014, I entered my report and recommendation that the district court reverse and remand the final decision of the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 17).   My report and recommendation was adopted by the district judge on

August 5, 2014 (Doc. 18). On August 6, 2014, the clerk entered judgment accordingly (Docs. 19). The Court subsequently awarded Plaintiff $3,033.05 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) (Docs. 21-22).

On remand, Plaintiff was awarded years of past due benefits in an amount in excess of $80,000 (Doc. 23-2 at 1). The Commissioner has withheld $23,791.97 from the award for the payment of Plaintiff's attorney's fees (Doc. 23-2 at 3). Plaintiff's fee agreement provides for attorney's fees in the amount of 25% of any past due benefits awarded, minus EAJA fees (Doc. 23-1). Now, Plaintiff seeks a net award of $20,758.92, which is the amount withheld by the Commissioner minus the EAJA fees already paid and received.[1] The Commissioner does not oppose the motion. (Doc. 23 at 2).

Pursuant to 42 U.S.C. § 406(b), an attorney who secures a favorable result for the client on remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). In capping the fee at twenty-five percent, "Congress ... sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002). "Within the 25% boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807.

I find the fee request is reasonable, first because it is consistent with the agreement between the client and attorney. Second, because Mr. Culbertson undertook

---

[1] See Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271-74 (11th Cir. 2010).

the representation on a contingent fee basis. Third, because Mr. Culbertson, his associate, and a paralegal expended at least 27.4 hours of billable time on the case (Doc. 23 at 2). This does not include time spent at the administrative level, before the Appeals Council, or implementing and calculating the amount of benefits due (Id.).

For these reasons, it is **respectfully recommended** that the district court **grant** the motion and approve the payment of § 406(b) fees **in the amount of $20,758.92** to Mr. Culbertson.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

If there is no objection to this Report and Recommendation, the parties may file a notice of no objection so as to shorten the time frame for the completion of this part of the case.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on November 12, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record